**WHITE AND WILLIAMS LLP**
BY:    Michael O. Kassak, Esquire (MK-9317)
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ  08002
856-317-3600
ATTORNEY FOR   Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BOBBIE LYNN PIERCE, Individually and as Administratrix of the Estate of Joseph Pierce | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | NO.  09-6487 |
| CHERRY HILL TOWNSHIP, CHERRY HILL TOWNSHIP POLICE DEPARTMENT, SGT. WEBER, SGT. HENDERSON, P/O TRIVERI, P/O DELCAMPO, P/O SHIELDS, P/O CUMMINGS, P/O OSTERMUELLER, P/O KELLY, P/O CHARNEY, P/O BUEHLER, P/O COLL, P/O KEMPF, P/O M. JOHNSON, P/O HOULIHAN, DETECTIVE KAPPLER, DETECTIVE KELLY, LT. SAPORITO, LT. KUSHINA, JOHN DOES (1-10) (Fictitious Names), JOHN C. DOES (1-10) (Fictitious Names), and JOHN D. DOES (1-10) (Fictitious Names) | : : : : : : : : : : : : : | |
| Defendant. | : : | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES, ENTRY OF APPEARANCE, AND DEMAND FOR JURY TRIAL

Defendants Cherry Hill Township, Cherry Hill Township Police Department, Sergeant

Weber, Sergeant Henderson, Police Officer Triveri, Police Officer DelCampo, Police Officer

Shields, Police Officer Cummings, Police Officer Ostermueller, Police Officer Kelly, Police

Officer Charney, Police Officer Buehler, Police Officer Coll, Police Officer Kempf, Police

Officer M. Johnson, Police Officer Houlihan, Detective Kappler, Detective Kelly, Lieutenant

Saporito, and Lieutenant Kushina ("answering defendants"), by and through their attorneys White and Williams LLP, hereby answer plaintiff's Complaint as follows:

1.    After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and same are therefore deemed denied.

2.    Denied.

3.    Admitted in part, denied in part.  It is admitted that plaintiff has made such allegation.  The remaining allegations of this paragraph are specifically denied.

4.    Denied.

5.    Admitted.

6.    After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and same are therefore deemed denied.

6.    After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and same are therefore deemed denied.

7.    Admitted in part, denied in part.  It is admitted that plaintiff brings this action. The remaining allegations of this paragraph are specifically denied.

8.    After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and same are therefore deemed denied.

9.    Admitted.

10.    Denied.

11.     Admitted.

12.     After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and same are therefore deemed denied.  By way of further answer, any allegations that answering defendants acted improperly are denied.

13.     After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and same are therefore deemed denied.  By way of further answer, any allegations that answering defendants acted improperly are denied.

14.     After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and same are therefore deemed denied.  By way of further answer, any allegations that answering defendants acted improperly are denied.

15.     Admitted in part, denied in part.  It is admitted only that answering defendants were acting in the course and scope of their employment at the time of the incident referred to in plaintiff's Complaint.  The remaining allegations of this paragraph are denied.

16.     Admitted in part, denied in part.  It is admitted only that answering defendants were acting in the course and scope of their employment at the time of the incident referred to in plaintiff's Complaint.  The remaining allegations of this paragraph are denied.

17.     After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and same are therefore deemed denied.

18.     Denied.

19.     Denied.

20.     Denied as stated.  Answering defendants believe that the plaintiff arrived at the hospital at 3:55 a.m.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Admitted.

## COUNT I

36.     Answering defendant repeat and incorporate each and every paragraph contained in the within Answer as though same were fully set forth at length herein.

37.     Denied.

38.     Denied.

39.     Denied.

40.   a. – j.   Denied.

41.   Denied.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   This paragraph states conclusions of law to which no responsive pleading is required under the Federal Rules of Civil Procedure.

WHEREFORE, answering defendants demand judgment in their favor together with interest, attorney's fees, and costs of suit.

## COUNT II

49.   Answering defendants repeat and incorporate each and every paragraph contained in the within Answer as though same were fully set forth at length herein.

50.   Denied.

51.   Denied.

52.   Denied.

WHEREFORE, answering defendants demand judgment in their favor together with interest, attorney's fees, and costs of suit.

## COUNT III

53.   Answering defendants repeat and incorporate each and every paragraph contained in the within Answer as though same were fully set forth at length herein.

54.   Admitted.

55.     a.-f.    Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

WHEREFORE, answering defendants demand judgment in their favor together with interest, attorney's fees, and costs of suit.

## COUNT IV

60.     Answering defendants repeat and incorporate each and every paragraph contained in the within Answer as though same were fully set forth at length herein.

61.     Denied.

62.     Denied.

WHEREFORE, answering defendants demand judgment in their favor together with interest, attorney's fees, and costs of suit.

## COUNT V

63.     Answering defendants repeat and incorporate each and every paragraph contained in the within Answer as though same were fully set forth at length herein.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

WHEREFORE, answering defendants demand judgment in their favor together with interest, attorney's fees, and costs of suit.

## COUNT VI

68.     Answering defendants repeat and incorporate each and every paragraph contained in the within Answer as though same were fully set forth at length herein.

69.     Denied.

70.     Denied.

WHEREFORE, answering defendants demand judgment in their favor together with interest, attorney's fees, and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST

Plaintiff's claims are barred by the applicable statute of limitations.

### SECOND

Answering defendants performed each and every duty which they owed to the plaintiff.

### THIRD

Answering defendants violated no duty or obligation which they owed to the plaintiff.

### FOURTH

The injuries and damages, if any, sustained by the plaintiff were caused solely and proximately by her own negligence at the time and place mentioned in the Complaint.

### FIFTH

Plaintiff is barred from recovery by reason of her own contributory negligence at the time and place mentioned in the Complaint.

### SIXTH

The injuries and damages, if any, suffered by the plaintiff were caused solely and totally as a result of actions by a third person over whom answering defendants had no control nor right to control.

## SEVENTH

If plaintiff sustained the injuries and damages alleged in the Complaint, then any recovery should be eliminated or reduced in accordance with N.J.S.A. 2A:15-5.1 through 2A:15-5.3.

## EIGHTH

The claims of the plaintiff are barred and/or limited by the New Jersey Tort Claims Act, N.J.S.A. 59:2-1 et seq.

## NINTH

The claims of plaintiff are barred for failure to provide notice of a claim in accordance with N.J.S.A. 59:8-2.

## TENTH

Plaintiff is barred from recovery because the decedent assumed the risk of injury.

## ELEVENTH

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted. Answering defendants respectfully reserve the right to move to dismiss the Complaint.

## TWELFTH

Answering defendants are entitled to qualified immunity.

## THIRTEENTH

All of answering defendants' actions were done in good faith.

## FOURTEENTH

No punitive damages can be awarded against answering defendants.

## FIFTEENTH

Plaintiff's claim is barred by the doctrines of res judicata and collateral estoppel.

### SIXTEENTH

Plaintiff's claims are barred by the doctrine of issue preclusion.

### SEVENTEENTH

Plaintiff's claims are barred by the favorable-termination rule.

### EIGHTEENTH

Answering defendants' actions were justified by probable cause.

### NINETEENTH

Plaintiff's claims are based on an impermissible theory of *respondeat superior*.

### ENTRY OF APPEARANCE

Kindly enter my appearance on behalf of defendants, Cherry Hill Township, Cherry Hill Township Police Department, Sergeant Weber, Sergeant Henderson, Police Officer Triveri, Police Officer DelCampo, Police Officer Shields, Police Officer Cummings, Police Officer Ostermueller, Police Officer Kelly, Police Officer Charney, Police Officer Buehler, Police Officer Coll, Police Officer Kempf, Police Officer M. Johnson, Police Officer Houlihan, Detective Kappler, Detective Kelly, Lieutenant Saporito, and Lieutenant Kushina, in the above-captioned matter.

### DEMAND FOR JURY TRIAL

Answering defendants hereby demand a trial by jury as to all material issues of fact.  Said jury is to consist of 12 jurors.

WHITE AND WILLIAMS LLP
Attorneys for Defendants

BY_____
        MICHAEL O. KASSAK, ESQ.

Dated:  January   26, 2010

**WHITE AND WILLIAMS LLP**
BY:    Michael O. Kassak, Esquire (MK-9317)
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ  08002
856-317-3600
ATTORNEY FOR   Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BOBBIE LYNN PIERCE, Individually and as Administratrix of the Estate of Joseph Pierce | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | NO.  09-6487 |
| CHERRY HILL TOWNSHIP, CHERRY HILL TOWNSHIP POLICE DEPARTMENT, SGT. WEBER, SGT. HENDERSON, P/O TRIVERI, P/O DELCAMPO, P/O SHIELDS, P/O CUMMINGS, P/O OSTERMUELLER, P/O KELLY, P/O CHARNEY, P/O BUEHLER, P/O COLL, P/O KEMPF, P/O M. JOHNSON, P/O HOULIHAN, DETECTIVE KAPPLER, DETECTIVE KELLY, LT. SAPORITO, LT. KUSHINA, JOHN DOES (1-10) (Fictitious Names), JOHN C. DOES (1-10) (Fictitious Names), and JOHN D. DOES (1-10) (Fictitious Names) | : : : : : : : : : : : : : | |
| Defendant. | : | |

**<u>CERTIFICATE OF SERVICE</u>**

Michael O. Kassak, Esquire, hereby certifies that a true and correct copies of the attached Answer of Defendants to Plaintiff's Complaint With Affirmative Defenses, Entry of Appearance, and Jury Trial Demand was served upon counsel listed below by electronic filing on January 26, 2010.

Anthony L. Marchetti, Jr., Esquire
CURETON CLARK, P.C.
3000 Midlantic Drive, Suite 200
Mt. Laurel, NJ   08054


DATED:  January 26, 2010                    _____

                                            MICHAEL O. KASSAK, ESQUIRE

- 2 -